**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF GEORGIA**

**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| **JASON T. ARGO** | : | |
| **Plaintiff,** | : | **Civil Action Number:** |
| **vs.** | : | 2:17-cv-00270-RWS |
| **NORTHEAST SALES DISTRIBUTING,** | : | |
| **INC., and MICHAEL EBERLING.** | : | **Jury Trial Demanded** |

**COMPLAINT**

Plaintiff, Jason T. Argo by and through the undersigned attorney, brings this complaint against Defendants Northeast Sales Distributing, Inc., (hereinafter "Northeast Sales") and Michael Eberling (hereinafter "Eberling") and pleads as follows:

**INTRODUCTION**

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.) herein after "the FLSA" to (1) recover the overtime pay that was denied him; (2) recover an additional amount as liquidated

damages; and (3) recover his costs of litigation, including his reasonable attorney's fees.

## JURISDUICTION AND VENUE

### 2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA, §16(b), 29 U.S.C. § 216(b), 28 U.S.C. § 1331, because this case arises under FLSA, a federal statute that affects interstate commerce.

### 3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Northeast Sales is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

### 4.

Plaintiff resides within Barrow County, Georgia.

5.

Defendant Northeast Sales employed Plaintiff in and around Winder, Georgia from July 13, 2015 until December 14, 2015.

6.

At all times relevant to this suit, Plaintiff has been an "employee" of the Defendant Northeast Sales as defined in the FLSA § 3(e )(1), 29 U.S.C. § 203(e )(1).

7.

From on or about July 13, 2015 until December 14, 2015, Plaintiff was "engaged in commerce" as an employee of Defendant Northeast Sales as defined in the FLSA § 7(a)(1), 29 U.S.C. 207 (a)(1).

8.

Defendant Northeast Sales is a corporation organized under the laws of the State of Georgia

9.

At all times material hereto, Defendant Northeast Sales has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

10.

From on or about July 13, 2015 until December 14, 2015, Defendant Northeast Sales was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2015, Defendant Northeast Sale had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 202(s)(1)(A).

12.

During 2015, Defendant Northeast Sales had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

13.

During 2015, Defendant Northeast Sales had an annual gross volume of
sales made or business done of not less than $500,00 (exclusive of excise taxes at
the retail level that are separately stated) within the meaning of 29 U.S.C. §
203(s)(1)(A).

14.

At all times material hereto, Defendant Northeast Sales has been an
"enterprise engaged in commerce or in the production of goods for commerce" as
defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

15.

Defendant Northeast Sales is subject to the personal jurisdiction of this
Court.

16.

Defendant Eberling resides within Forsyth County Georgia and is subject to
the jurisdiction of this  Court.

17.

At all times material hereto, Defendant Eberling exercised operational

control over the work activities of Plaintiff.

18.

At all times material hereto, Defendant Eberling was involved in the day to

day operation of Defendant Northeast Sales in which Plaintiff worked.

19.

At all times material hereto, Defendant Northeast Sales vested Defendant

Eberling with supervisory authority over Plaintiff.

20.

At all times material hereto, Defendant Eberling exercised supervisory

authority over Plaintiff.

21.

At all times material hereto, Defendant Eberling scheduled Plaintiff's

working hours or supervised the scheduling of Plaintiff's working hours.

22.

At all times material hereto, Defendant Eberling exercised authority and supervision over Plaintiff's compensation.

23.

At all times material hereto, Defendant Eberling has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

24.

Defendant Eberling is subject to the personal jurisdiction of this Court.

25.

At all times relevant to this suit and while an employee of the Defendant Northeast Sales, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

26.

At all times relevant to this suit and while an employee of Defendant Northeast Sales, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 U.S.C. § 213 (a).

27.

At all times relevant to this suit and while an employee of Defendant Northeast Sales, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 U.S.C. § 213 (a).

28.

At all times relevant to this suit and while an employee of Defendant Northeast Sales, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 U.S.C. § 213 (a).

29.

At all times relevant to this suit and while an employee of Defendant Northeast Sales, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 U.S.C. § 213 (a).

## COURT 1 – FAILURE TO PAY OVERTIME

30.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

31.

At all times material hereto, Plaintiff has been an employee covered by the

FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C.

§ 207(a).

32.

During his employment with Defendants, Plaintiff regularly worked in

excess of forty (40) hours each week.

33.

Defendants failed to pay Plaintiff at one and one half times his regular rate

for work in excess of forty (40) hours in any week from July 13, 2015 to December

14, 2015.

34.

Defendants willfully failed to pay Plaintiff at one and one half times his

regular rate for work in excess of forty (40) hours in any week from July 13, 2015

to December 14, 2015.

35.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

36.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

37.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including reasonable attorney's fees in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

38.

Defendants' willfully and intentionally failed to pay Plaintiff overtime and when Plaintiff complained to Eberling regarding non payment of overtime and began seeking employment elsewhere, Plaintiff was terminated.

**WHEREFORE**, Plaintiff respectfully prays:

1.      That Plaintiff claims be tried before a jury;

2.      As to Count 1, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3.      That Plaintiff be awarded costs of litigation, including his reasonable attorney's fees from Defendants; and

4.      For such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ James R. Argo Jr.

James R. Argo Jr.

Attorney for Plaintiff

Georgia Bar No. 021265

James R. Argo Jr.

Attorney At Law

P.O. Box 1554

1018 Trace Ln.

Lawrenceville, GA 30046

Phone:   770-380-2600

Fax:       1-866-521-7501

Email:    Argolawoffice@aol.com