## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is entered into by and between JASON T. ARGO ("Jason Argo") and NORTHEAST SALES DISTRIBUTING, INC. ("Northeast Sales") and MICHAEL EBERLING ("Michael Eberling" and collectively as "Defendants").

## RECITALS

This Agreement is made with reference to the following facts:

A.   **WHEREAS**, Jason Argo is a Plaintiff in the lawsuit filed against Defendants that is currently pending in the United States District Court for the Middle District of Georgia and styled as JASON T. ARGO v. NORTHEAST SALES DISTRIBUTING, INC. and MICHAEL EBERLING, Civil Action No. 2:17-CV-00270(RWS), (the "Lawsuit"); and,

B.   **WHEREAS**, Defendants deny the validity of Jason Argo's claims and deny that they are subject to any liability; and,

C.   **WHEREAS**, the Parties wish to settle their differences without resort to further litigation; and,

D.   **WHEREAS**, Defendants are willing to provide Jason Argo with certain considerations described below, which is not ordinarily required to, provided Jason Argo dismisses his Lawsuit with prejudice, releases Defendants from any claims Jason Argo has made or might make arising out of his employment with Defendants, and agrees to comply with the other promises and conditions set forth in this Agreement.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficient of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1.   **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2.   **Definitions:** Throughout this Agreement, the terms:

  A.  Northeast Sales shall include the following:

  (i)   Northeast Sales Distributing, Inc., as well as its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations; and

EXHIBIT A

(ii)    the officers, directors, trustees, insurers, shareholders, partners, current and former employees, attorneys and agents, past and present, of each of the aforesaid entitled of any entity encompassed by subparagraph (A)(i).

3.   **Settlement Sum:**  As consideration for Jason Argo signing this Agreement and compliance with the promises made herein, Northeast Sales agrees to pay Jason Argo a total of $5,000.00, less lawful deductions, as follows:

a.   Northeast Sale shall issue payment in the amount of $1,100.00, less applicable taxes and deductions, payable to Jason Argo. This payment shall be characterized as FLSA back wages, and Northeast Sales will issue Jason Argo an IRS Form W-2; and

b.   Northeast Sales shall issue payment in the amount of $1,100.00 payable to Jason Argo. This amount shall be characterized as FLSA liquidated damages, and Northeast Sales will issue Jason Argo an IRS form 1099-MISC; and

c.   Northeast Sales shall issue payment in the amount of $500.00, less applicable taxes and deductions, payable to Jason Argo. This payment shall be characterized as consideration for the General Release of Claims, and not FLSA back wages or liquidated damages, but which are nonetheless taxable as ordinary income under 26 U.S.C. §104(a)(2), and Northeast Sales will issue Jason Argo an IRS Form W-2; and

d.   Northeast Sales shall issue payment in the amount of $2,300.00 payable to James R. Argo, Jr., Tax Identification No. ███████3195, for $1,580.60 attorneys' fees and $719.40 costs, and shall issue the appropriate IRS Forms 1099 to James R. Argo, Jr. and Jason Argo for this amount. JA

e.   Jason Argo's counsel will seek no more attorney's fees and costs than the amount specified in paragraph 3(d) above and will refuse any additional amount approved by the Court. Defendants agree that the amount in paragraph 3(d) above is appropriate and reasonable, but otherwise will take no position regarding the amount of attorney's fees and costs sought by Jason Argo's counsel.

f.   Northeast Sales shall provide the consideration identified in this paragraph 3 after receiving all of the following items: (a) a facsimile or electronic copy of this Agreement appropriately signed and dated by Jason Argo; (2) an Order from the Court approving the settlement between the Parties and dismissing, with prejudice, all claims against Defendants in the matter of <u>JASON T. ARGO v. NORTHEAST SALES DISTRIBUTING, INC. and MICHAEL EBERLING</u>, Civil Action No. 2:17-CV-00270(RWS) currently pending in the United States District

Court for the Northern District of Georgia. This Agreement shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this Agreement (the "Effective Date" defined as the first day after Defendants have received from Jason Argo all of the items described in this paragraph). Jason Argo shall also provide a signed original of the Agreement for execution by Northeast Sale's representative and Michael Eberling. Jason Argo will be provided with a copy of the fully executed Agreement.

4.   **Consideration:** Jason Argo understands and agrees that he would not receive the monies and/or benefits specified in paragraph 3 above, but for his execution of his Agreement and the fulfillment of the premises contained herein.

5.   **General Release of Claims:** In exchange for, and in consideration of, the payments, benefits, and other commitments described above, Jason Argo agrees to the dismissal with prejudice of the Lawsuit filed against Defendants (and any other claims or assertions of liability that may exist). In addition, Jason Argo, for himself and for each of his heirs, executors, administrators, and assigns, hereby full releases, acquits, and forever discharges Defendants of and from any and all claims, liabilities, causes of action, demands to any rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether **KNOWN** or **UNKNOWN**, vested or contingent, suspected or unsuspected, that Jason Argo may now have, has ever had, or hereafter may have related directly or indirectly to the allegations in the Lawsuit or his employment with Northeast Sales, including, but not limited to, claims for wages, back pay; front pay; reinstatement; damages; or benefits. Jason Argo also releases any and all claims, whether **KNOWN** or **UNKNOWN**, he may have that arose prior to the date of this Agreement, and hereby specifically waives and releases all claims, including, but not limited to, those arising under the Civil Right Act of 1866, 42 U.S.C. §1981 (i.e. claims of race discrimination), the Civil Rights Act of 1871, 42 U.S.C. §1983, (i.e. claims arising under color of state law), the Civil Rights Acts of 1964 and 1991, as amended, 42 U.S.C. §2000e, et seq., and 42 U.S.C. §1981a, (i.e. claims of race, color, religion, sex, and national origin discrimination), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et. seq. (i.e. claims of age discrimination), the Rehabilitation Act of 1973, as amended, the Employee Retirement Income Security Act of 1974, as amended, (i.e. claims related to employee benefit plans), the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et. seq., as amended (i.e. claims related to overtime or minimum wage), the Americans with Disabilities Act of 1990, as amended (i.e. claims of disability discrimination), the Family and Medical Leave Act, as amended, the Equal Pay Act, as amended, the Genetic Information Non-Discrimination Act of 2008, 42 U.S.C. § 2000ff et. seq. (i.e. claims of genetic discrimination in health insurance and employment); the Occupational Safety and Health Act of 1970, 29 U.S.C. §651 et. seq., and any and all other federal, state or local statutes, ordinances, or regulations, as well as all claims arising under

federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim, including claims for intentional infliction of emotional distress, which is specifically denied by Defendants.

a. **NOTHING IN THIS AGREEMENT IS INTENDED TO OR SHALL PREVENT, IMPEDE OR INTERFERE WITH JASON ARGO'S NON-WAIVABLE RIGHT, WITHOUT PRIOR NOTICE TO DEFENDANTS, TO PROVIDE INFORMATION TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, THE NATIONAL LABOR RELATIONS BOARD, THE OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, THE SECURITIES AND EXCHANGE COMMISSION OR ANY OTHER FEDERAL, STATE OR LOCAL GOVERNMENT AGENCY OR COMMISSION ("GOVERNMENT AGENCIES"), PARTICIPATE IN INVESTIGATIONS, FILE A COMPLAINT, TESTIFY IN PROCEEDINGS REGARDING DEFENDANT'S PAST OR FUTURE CONDUCT, OR ENGAGE IN ANY FUTURE ACTIVITIES PROTECTED UNDER THE WHISTLEBLOWER STATUTES ADMINISTERED BY OSHA, OR TO RECEIVE AND FULLY RETAIN A MONETARY AWARD FROM A GOVERNMENT-ADMINISTERED WHISTLEBLOWER AWARD PROGRAM FOR PROVIDING INFORMATION DIRECTLY TO ANY GOVERNMENT AGENCIES.**

b. This Agreement shall not apply to rights or claims that may arise after the Effective Date of this Agreement; nor shall any provision of this Agreement be interpreted to waive, release, or extinguish any rights that – by express and unequivocal terms of law – may not under any circumstances be waived, released, or extinguished.

c. Jason Argo hereby forever waives and forswears any claim of any right of reinstatement by Northeast Sales and agrees not to file an application for employment or otherwise see future employment with Northeast Sales.

6. **Tax Liability:** Jason Argo understands that Northeast Sales shall issue IRS Form 1099s for the payments specified in paragraphs 3(b) and (d) of this Agreement, that are not subject to withholding. In paying the amount specified in paragraphs 3(b) and (d), Northeast Sales makes no representation regarding the tax consequences or liability arising from said payments. Jason Argo understands and agrees that any and all tax liability that may be due or become due because of the payments referenced above is his sole responsibility, and that he will pay any such taxes that may be due or become due. Northeast Sales has no monetary liability or obligations regarding payment whatsoever (other than delivering valid checks in the sums referenced in paragraphs 3(a), (b) and (c) of this Agreement to Jason Argo), Jason Argo agrees to bear all tax consequences, if any, attendant upon the payment to him of the above-recited sums. Jason Argo further agrees to hold Northeast Sales harmless from and against any tax or tax withholding claims,

amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums. In the event Northeast Sales receives written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against Northeast Sales, Northeast Sales shall promptly, after receipt of such written notice, notify Jason Argo by letter sent to counsel for Jason Argo. In the event that any of the Settlement Sum shall be deemed taxable in any form, Jason Argo agrees to indemnify Northeast Sales for any sums that may become liable to pay to any federal, state or local government or agency to cover federal or state withholding taxes and Social Security taxes as a result of such taxability, provided in no instance shall Jason Argo be responsible for Northeast Sales' share of any Social Security tax assessment. Each party will be responsible for any penalties or interest which may be assessed against them as a result of the classification of the Settlement Sum.

7. **Affirmations:** Jason Argo represents and affirms that, other than his Lawsuit referenced herein, he has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against Defendants with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board. Jason Argo further represents and affirms as a material term of this Agreement that he has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due him, except as provided for in this Agreement.

8. **Confirmation of Employment:** Northeast Sales agrees to provide confirmation of Jason Argo's employment, dates of employment and driving record as required by law.

9. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

10. **Confidentiality:** In consideration of the obligations under this Agreement, Jason Argo agrees that this Agreement and the terms and conditions hereof are strictly, and shall forever remain, confidential, and that neither Jason Argo nor his heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms as to third person(s), including, but not limited to, representatives of the media or other present or former associates of Northeast Sales, under any circumstances. Jason Argo may disclose the terms of his Agreement to his attorney, accountant, tax advisor, the Internal Revenue

Service, or as otherwise required by law, or as required to do so in response to an investigation by any federal or state agency.

    (A)    If Jason Argo is required to disclose this Agreement or its terms pursuant to court order and/or subpoena, Jason Argo shall notify Defendants, in writing via e-mail, facsimile or overnight mail, within 24 hours of his receipt of such court order or subpoena, and simultaneously provide Defendants with a copy of such court order or subpoena. The notice shall comply with the notice requirements set forth below in paragraph 19. Jason Argo agrees to waive any objection to Defendants' request that the document production or testimony be done in camera and under seal.

11.    **Governing Law and Jurisdiction:**  This Agreement shall be construed and enforced according to the laws of the State of Georgia, except as to the choice of law rules thereof or to the extent pre-empted by federal law. All disputes concerning the application or enforcement of this Agreement shall, if necessary, be tried in a court of competent jurisdiction in Barrow County or the Northern District of Georgia. Jason Argo hereby consents to the personal jurisdiction of the courts of Barrow County and the Northern District of Georgia.

12.    **No Admission of Liability:**  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of any liability or unlawful conduct of any kind.

13.    **Headings:**  The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

14.    **Modification of Agreement:**  This Agreement may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. Jason Argo agrees not to make any claim at any time or place that this Agreement has been verbally modified in any respect whatsoever. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged. The Parties acknowledge that only the President has the authority to modify this Agreement on behalf of Northeast Sales.

15.    **Interpretation:**  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement. If any portion or provision of this Agreement (including, without implication of limitation, any portion or provision of an section of this Agreement) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and

enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed to be a part of this Agreement.

To the extent that any general release or dismissal in this Agreement is deemed to be illegal, invalid, or unenforceable, Jason Argo agrees to execute a valid full and final release of equal scope, covering any and all claims in favor of Defendants, in exchange for the payments set forth in paragraph 3 of this Agreement in the event such payments have not already been made, in order to effectuate a dismissal with prejudice of his Lawsuit filed against Defendants.

16. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

17. **Entire Agreement:** This Agreement sets forth the entire Agreement between the parties hereto, and fully supersedes any prior obligation of Defendants to Jason Argo, except that it shall not supersede any agreement related to confidential and proprietary information. Jason Argo acknowledges that he has not relief on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

18. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this Agreement shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

19. **Counterparts:** This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, JASON ARGO FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 12/03/2017          By: _____
                               JASON ARGO

Dated: 12-26-2017          By: _____
                               NORTHEAST SALES
                               DISTRIBUTING, INC.

Dated: 12-27-2017          By: _____
                               MICHAEL EBERLING